## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ALFREDA LUNDY**                                            **CIVIL ACTION**

**VERSUS**                                                   **NO. 22-930-SDD-RLB**

**ACE AMERICAN INSURANCE
COMPANY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 3, 2023.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFREDA LUNDY                                            CIVIL ACTION

VERSUS                                                   NO. 22-930-SDD-RLB

ACE AMERICAN INSURANCE
COMPANY, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Remand. (R. Doc. 10). The motion is opposed. (R. Docs. 14, 15).

**I.    Background**

On or about December 22, 2021, Alfreda Lundy ("Plaintiff") initiated this personal injury action in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, naming as defendants ABC Insurance Company, DG Louisiana, LLC d/b/a Dollar General and Dolgencorp, LLC d/b/a Dollar General (collectively, the "DG entities") and Melody Goldman ("Goldman"). (R. Doc. 1-2 at 1-5). About ten months later, Plaintiff filed a Supplemental and Amended Petition for Damages, which named the following defendants: ACE American Insurance Company ("ACE"); the DG entities, Goldman, and Coca-Cola Bottling Company United, Inc. ("CCBCU") (collectively, "Defendants"). (R. Doc. 1-2 at 6-13, "Amended Petition").

In the Amended Petition, Plaintiff alleges that on or about January 5, 2021, she was a guest at a Dollar General store when she tripped because of a "hazardous and dangerous condition" located on the property. (R. Doc. 1-2 at 7). In pertinent part, Plaintiff alleges that at the time of the accident, Goldman was "the manager on duty and/or employee who was

1

responsible for the facility, for the following actions and/or inactions, as well as the presence of the following non-exclusive list of defects within said premises at the time of the accident." (R. Doc. 1-2 at 8). Plaintiff's "non-exclusive list" includes the following alleged defects: failure to maintain the property; failure to inspect the property; failure to implement policies and procedures for maintaining and inspection the property; failure to warn of the hazardous/dangerous condition; having personal knowledge of the hazardous/dangerous condition and not remedying it; and failing to take remedial measures to remedy the hazardous/dangerous condition. (R. Doc. 1-2 at 8).

On November 30, 2022, ACE and CCBCU (collectively, the "Removing Defendants"), which were first named as defendants in the Amended Petition, removed the action alleging the Court can exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). The Removing Defendants assert that the amount in controversy requirement is satisfied because prior to removal Plaintiff admitted that her claim exceeds $75,000.00, exclusive of interest and costs. (R. Doc. 1 at 3; *see* R. Doc. 1-3). With respect to diversity jurisdiction, the Removing Defendants assert that there is complete diversity because of the following: Plaintiff is a citizen of Louisiana; CCBCU is a citizen of Alabama; Dolgencorp, LLC is a citizen of Tennessee; DF Louisiana, LLC is a citizen of Tennessee; ACE is a citizen of Pennsylvania; and the citizenship of Goldman (Louisiana) must be ignored because Goldman is an improperly joined defendant. (R. Doc. 1 at 4-13).

On December 28, 2022, Plaintiff filed the instant Motion to Remand, which seeks remand to state court for lack of diversity jurisdiction, claiming that the Goldman's citizenship must be considered because she is a properly joined defendant. (R. Doc. 10).

2

## II.     Arguments of the Parties

Plaintiff argues that this action is subject to remand because Goldman is a non-diverse defendant whose presence destroys complete diversity. (R. Doc. 10-1 at 2-10). Plaintiff argues that she can establish that Goldman, an employee of the DG entities and manager of the Dollar General store at issue, is personally liable to her under the factors set forth in *Canter v. Koehring*, 283 So.2d 721 (La. 1973). (R. Doc. 10-1 at 5-10). Among other things, Plaintiff relies on Goldman's statement in a Customer Incident Report to support a finding that Goldman led Plaintiff to the area where she fell and, therefore, "had actual knowledge of the condition in question." (R. Doc. 10-1 at 8).[1] Plaintiff faults Defendants for not having "submitted any substantive evidence to refute that Melody Goldman had knowledge of the dangerous condition and/or tried to timely remedy it" and "suggests it will become apparent that the hazardous condition was known by Melody Goldman and other Defendants, and Defendants failed to timely fix it." (R. Doc. 10-1 at 9).

In opposition, the Removing Defendants argue that Plaintiff's Amended Petition does not state a cause of action against Goldman under the *Canter* factors relied upon by Plaintiff. (R. Doc. 15 at 4-9). The Removing Defendants argue that Plaintiff has "failed to allege any facts that Dollar General delegated any . . . duties of premises maintenance and safety to Goldman personally and, therefore, Plaintiff has "failed to allege any specific facts to show that Goldman had an individual duty to [Plaintiff]." (R. Doc. 15 at 5). The Removing Defendants argue that Plaintiff's allegation that Goldman had "personal knowledge of the unspecified hazard and failed

---

[1] The Amended Petition makes no specific allegation regarding the cause of the alleged trip and fall. Nevertheless, Plaintiff relies on Goldman's statement in the Customer Incident Report in an attempt to establish that Goldman had actual knowledge of the "hazardous and dangerous condition." (R. Doc. 10-1 at 8). In the Customer Incident Report, Goldman states that she "was walking to the chargers to show [Plaintiff] iPhone 8 chargers when she tripped over a coke pallet and she fell down and hit the table, buggie, floor." (R. Doc. 10-3 at 9).

3

to remedy it" is conclusory and insufficient to survive a 12(b)(6)-type scrutiny. (R. Doc. 15 at 6). The Removing Defendants assert that Plaintiff has merely set forth that Goldman potentially breached her "general administrative responsibilities" as opposed to a specific, delegated personal duty towards Plaintiff. (R. Doc. 15 at 8). In the alternative, the Removing Defendants seek the opportunity to conduct jurisdictional discovery. (R. Doc. 15 at 9-11).

The DG entities and Goldman similarly oppose remand on the basis that Plaintiff cannot satisfy the factors set forth in *Canter*. (R. Doc. 15 at 1-4). The DG entities and Goldman also seek to conduct jurisdictional discovery to the extent the Court concludes that it is proper to pierce the pleadings in this action. (R. Doc. 15 at 4-5).

### III.    Law and Analysis

#### A.    Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).[2] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed . . ."). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-

---

[2] There is no dispute that the amount in controversy requirement is satisfied. Accordingly, the Court will turn directly to the issue of whether Goldman was improperly joined as a defendant.

82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). To meet its burden, the removing party must show an "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. As the Removing Defendants have not alleged actual fraud in Plaintiffs' pleading of jurisdictional facts, the Court will only consider the latter test for improper joinder. In that situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id.* The summary inquiry is appropriate only to identify discrete and undisputed facts:

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its

5

> necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id*. As examples of "discrete and undisputed facts" that could be identified through jurisdictional discovery, the Fifth Circuit offered: "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id*. at 574 n.12. Although the court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

"[A] court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016). If a court determines that the non-diverse party has been improperly joined under a Rule 12(b)(6)-type analysis, that party must be dismissed without prejudice. *Id*. at 209. This dismissal is based on lack of subject matter jurisdiction and does not operate as an adjudication on the merits. *Id*. at 210. When applying the improper joinder test, a federal court reads the original state court pleading through the lens of the federal pleading standards. *Id.* at 203.

When conducting a Rule 12(b)(6)-type analysis, the Court must determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *Int'l Energy Ventures*, 818 F.3d at 200 (5th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the Court

6

to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. The Court may take judicial notice of public records while conducting this 12(b)(6)-type analysis. *See Viking Constr. Grp., LLC et al. v. Satterfield & Pontikes Constr. Grp., et al.*, No 17-12838, 2018 WL 398751, at *4 n.18 (E.D. La. Jan. 12, 2018); *Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017).

### B. Analysis

Plaintiff contends that Goldman was properly joined as a defendant because there is a possibility that she could be held liable for Plaintiff's injuries under state law. Louisiana law sets forth the circumstances under which an employee can be held individually liable for injuries to third persons. In *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), the Louisiana Supreme Court held that an employee may be personally liable to third parties only if four distinct criteria are satisfied:

> 1. The principal or employer owes a duty of care to the third person . . ., breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant . . . has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

7

> 4. [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.

*Id.* at 721; *see also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 916 (5th Cir. 2009) ("*Canter*'s four-part test is used to determine whether an employee is individually liable to third persons, even if they are not co-employees.") (quoting *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 386 (5th Cir. 2009)). Courts find personal liability under *Canter* only in "limited circumstances." *Banks v. Wal-Mart, Inc.*, No. 18-749, 2018 WL 4001289, at *3 (W.D. La. Aug. 6, 2018).

In the Amended Petition, Plaintiff alleges that Goldman is liable for her injuries "for the following actions and/or inactions, as well as the presence of the following non-exclusive list of defects within said premises at the time of the accident":

 a) Failure to maintain the property;
 b) Failure to inspect the property;
 c) Failure to implement policies and procedures for maintaining and inspecting the property;
 d) Failure to warn of the hazardous/dangerous condition;
 e) Having personal knowledge of the hazardous/dangerous condition and not remedying it; and
 f) Failing to take remedial measures to remedy the hazardous/dangerous condition[.]

(R. Doc. 1-2 at 8). Plaintiff does not allege any specific facts with respect to the own trip-and-fall, simply stating in general turns that she "was injured when she tripped due to a hazardous and dangerous condition" located on the property. (R. Doc. 1-2 at 7). While Plaintiff alleges that Goldman was "the manager on duty and/or employee who was responsible for the facility," she does not identify any specific duties of care owed to plaintiff that were delegated by the DG entities to Goldman with respect to the maintenance and safety of the premises. (R. Doc. 1-2 at

8

8). Accordingly, Plaintiff cannot establish that the second element of *Canter* is satisfied, namely that the DG entities delegated to Goldman any personal duties of care owed to Plaintiff.

Furthermore, Plaintiff does not allege any specifics in the Amended Petition with respect to how Goldman had any "personal knowledge" of the "hazardous and dangerous condition," which is merely a generalized abstraction in the Amended Petition. Accordingly, Plaintiff does not raise any factual allegations regarding Goldman's "personal knowledge" sufficient "to raise a right to relief above the speculative level." *Towmbly*, 550 U.S. at 555. In short, Plaintiff's general conclusory allegations that Goldman had actual knowledge of the condition without any supporting facts fails to survive a Rule 12(b)(6)-type analysis. *See Miciotto v. Hobby Lobby Stores, Inc.*, No. 21-30456, 2022 WL 3210686, at *3 (5th Cir. Aug. 9, 2022) (affirming district court's denial of motion to remand given the improper joinder of two store managers who were alleged to have "failed to warn against a known hazard or, alternatively, failed to discover and remedy the hazard as required in the exercise of reasonable care.").

The Court recognizes that there are circumstances where an employee's alleged knowledge of a hazardous condition, and failure to remedy the hazardous condition, has been found to establish potential personal liability on the part of the employee. *See Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994) (plant manager's knowledge of a risk of harm and failure to respond to the risk could create personal liability under *Canter* ); *Creppel v. Apache Corp.*, No. 04-865, 2004 WL 1920932, at *3 (E.D. La. Aug. 25, 2004) ("[E]ven if [the production foreman's] responsibility for the well were delegated to others, and he acted as a general administrator, he could still be liable for plaintiffs' injuries if he had personal knowledge of the danger and failed to cure the risk of harm."); *Amaya v. Holiday Inn New Orleans-French Quarter*, No. 11-1758, 2011 WL 4344591 (E.D. La. Sept. 15, 2011) (remanding action where the

9

defendants failed to meet burden of establishing that the plaintiff had no possibility of recovery against non-diverse hotel manager where the plaintiff alleged that he had personal knowledge of security problems on the sixteenth floor of the hotel, and failed to act on that knowledge); *George–McGee v. Wal–Mart Stores, Inc.*, No. 90–2788, 1991 WL 2701, at *2 (E.D. La. Jan. 9, 1991) (allegation of employee's "personal negligence"—i.e., employee was "operating the steel dolly which allegedly struck the plaintiff from behind"—was "sufficient to state a claim . . . with ample possibility of recovery").

In this action, however, Plaintiff "failed to allege any specific factual allegations to substantiate her conclusory allegations, which merely track the general scope of the duty owed under Louisiana law." *Miciotto*, 2022 WL 3210686, at *3. Plaintiff does not allege any specific personal duties owed to Plaintiff that do not arise out of Goldman's general administrative responsibilities for which the DG entities would be technically or vicariously liable. Accordingly, Plaintiff's allegations do not satisfy the third and fourth *Canter* factors. There is no way for the Court to conclude, based on this language in the Amended Petition, that Plaintiff has stated any plausible claim of recovery against Goldman.

Plaintiff's general and speculative claims against Goldman would not survive a Rule 12(b)(6) motion brought by Goldman. At most, Plaintiff has raised boilerplate allegations that Goldman potentially breached her general administrative responsibilities, which is insufficient to establish personal liability under *Canter*. *See Martin v. Winn Dixie Montgomery, LLC*, No. 15-5770, 2016 WL 952258, at *3 (E.D. La. Mar. 14, 2016) (plaintiff's laundry list of boilerplate allegations of "actions and/or inactions, as well as the presence of the following non-exclusive list of defects within said premises" were insufficient to suggest anything beyond the non-diverse defendant's "general administrative responsibility" as a store manager and, accordingly, there

10

was no basis for imposing personal liability); *Soman v. Target Corp. of Minnesota*, No. 20-649, 2022 WL 556825, at *4 (M.D. La. Jan. 13, 2022), *report and recommendation adopted*, 2022 WL 554652 (M.D. La. Feb. 23, 2022) (plaintiff's allegations that non-diverse manager had a responsibility to monitor the cleanliness of the floors, and should have known of the slippery condition of the floors at the store entry, were "too general and speculative" to demonstrate any personal knowledge that could give rise to *Canter* liability).

In an apparent attempt to remedy the vague allegations brought against Goldman, Plaintiff invites the Court to "pierce the pleadings and conduct a summary inquiry" to determine whether Goldman has been improperly joined. (*See* R. Doc. 10-1 at 7-8). The Fifth Circuit allows such a "summary inquiry" to identify "discrete and undisputed facts." *Smallwood*, 385 F.3d 568, 574. The Court declines Plaintiff's invitation to conduct a summary inquiry by limiting the instant inquiry to a Rule 12(b)(6)-type analysis. *See Int'l Energy Ventures*, 818 F.3d at 207. The Court need not look further than the vague allegations in the Amended Petition filed prior to removal to determine that Plaintiff has not stated a claim against Goldman. Moreover, the information outside of the pleadings that Plaintiff desires the Court to consider – the Customer Incident Report – contains highly subjective statements. It does not supply any discrete facts indicating that Goldman was specifically delegated any duties by the DG entities or that Goldman, in fact, knew of the "hazardous and dangerous condition" and failed to act to remedy it. At most, it shows that Goldman was directing Plaintiff to iPhone chargers when she observed that Plaintiff tripped over a "coke pallet and . . . fell down and hit the table, buggie, floor." (R.

Doc. 10-3 at 9). The Customer Incident Report does not shed any light of Goldman's knowledge of, or involvement with, the placement of the coke pallet prior to Plaintiff's trip and fall.[3]

At most, Plaintiff has alleged that Goldman breached general administrative responsibilities rather than any personal duties toward Plaintiff. Accordingly, Goldman was improperly joined as a defendant, and her citizenship must be disregarded for the purposes of determining diversity jurisdiction under 28 U.S.C. § 1332. Because Goldman was improperly joined as a defendant, the Court must dismiss Plaintiffs' claims against this non-diverse defendant without prejudice. *Int'l Energy Ventures*, 818 F.3d at 209 ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice. If subject matter jurisdiction is based on diversity, a court never has jurisdiction over a nondiverse party.").

**IV.    Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Remand (R. Doc. 10) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Melody Goldman be **DISMISSED WITHOUT PREJUDICE.**

Signed in Baton Rouge, Louisiana, on May 3, 2023.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Contrary to Plaintiff's assertions in support of her Motion to Remand, the report does not support a finding that Goldman "<u>instructed</u> Plaintiff to walk to the area where the condition existed." (R. Doc. 10-1 at 8) (emphasis added).